Marcella Maxine Jayne, Esq PLLC
jayne-law.com
mjayne@jayne-law.com
43 West 43rd Street, Suite 381
New York, NY 10036-7424
212-470-0525

October 26, 2026

**VIA CM/ECF**

Honorable Margaret M. Garnett
United States District Court, Southern District of New York
40 Foley Square, New York, New York 10007

Re: *Pernas v. KalshiEX LLC et al.,* No. 1:26-cv-07419 (MMG) - Joint Letter in Advance of October 29, 2026 Initial Pretrial Conference

Dear Judge Garnett:

Pursuant to the Court's Individual Rules and Dkt. 15, counsel submit this joint letter in advance of the October 29, 2026 conference.

**Nature of the Case**

**Plaintiff's position:** Plaintiff alleges that Defendants resolved Event Contract KXWLEADER-25-JT contrary to its published terms, prematurely closed trading, canceled resting orders, and temporarily restricted withdrawal of liquid funds (a restriction since lifted). These acts form the basis for claims under the Commodity Exchange Act, 7 U.S.C. § 25 (bad-faith rule enforcement), and for breach of contract and the implied covenant, conversion, unjust enrichment (in the alternative), negligent misrepresentation, fraud, and deceptive practices under N.Y. Gen. Bus. Law § 349. Plaintiff seeks the unpaid contract payout, trading-related damages, declaratory relief, and other relief.

**Defendants' position:** Defendants KalshiEX LLC, Kalshi Inc. and Kalshi Klear LLC ("Kalshi" or "Defendants") contend that Plaintiff's claims are meritless and, as a threshold matter, belong in arbitration. Plaintiff accepted the Member Agreement and KalshiEX Rulebook, which require binding arbitration of any action against Kalshi. On the merits, Kalshi publicly announced on February 3, 2025, eleven months before expiration, that phone calls would not count toward resolution, and it resolved the contract consistently with that interpretation under its express



Licensed in:
New York • New Jersey • Massachusetts
jayne-law.com
mjayne@jayne-law.com

contractual discretion. Plaintiff's tort, quasi-contract, and GBL § 349 claims duplicate his contract claim; certain claims, including the GBL § 349 claim, are precluded by the Commodity Exchange Act, the very statute under which Plaintiff seeks damages; and the lost-opportunity damages he seeks are contractually barred.

## Anticipated Discovery

**Plaintiff's position:** Plaintiff anticipates discovery concerning the claims and defenses asserted in this action and seeks limited discovery concerning arbitrability before responding to Defendants' anticipated motion to compel arbitration. Although Plaintiff opposes a blanket stay, Plaintiff recognizes that merits discovery may be stayed pending resolution of that motion. If a stay is granted and the action remains before this Court, Plaintiff proposes that fact discovery close 90 days after resolution of the motion, with document requests served within 14 days and production commencing within 30 days thereafter.

**Defendants' position:** Defendants believe discovery should be stayed pending resolution of their anticipated motion to compel arbitration or, in the alternative, to dismiss. Resolution of the motion may dispose of the Court's jurisdiction or narrow the claims. Proceeding now would force Defendants to duplicate discovery in this Court and in arbitration, and it would expose them to discovery beyond what the arbitral forum permits. If discovery proceeds, Defendants propose that fact discovery deadlines run from the Court's decision on the motion.

## Anticipated Motions

**Plaintiff's position:** Plaintiff anticipates opposing Defendants' motion to compel arbitration and does not consent to a blanket stay of discovery pending resolution of that motion. Plaintiff recognizes the Court's interest in avoiding unnecessary discovery costs while arbitrability is decided but requests an expedited briefing schedule and limited discovery concerning arbitrability, including the versions of the Membership Agreement that Defendants contend govern, the effective dates of those agreements, the manner in which they were presented to Plaintiff, and records establishing any purported notice and assent. Any stay should preserve the parties' evidence-preservation obligations and provide for the prompt resumption of discovery if arbitration is not compelled.

Additionally Plaintiff may seek summary judgment after discovery, and does not propose a discovery stay.

**Defendants' position:** Defendants intend to move to compel arbitration and stay this action under 9 U.S.C. §§ 3–4 or, in the alternative, to dismiss the Complaint under Rules 8, 9(b), and 12(b)(6). Defendants request a stay of discovery while that motion is sub judice.

## Settlement and ADR

**Plaintiff's position:** Plaintiff is willing to discuss resolution of this matter via the Court's ADR program or otherwise.

**Defendants' position:** Defendants welcome settlement discussions to resolve this matter.





Licensed in:
New York • New Jersey • Massachusetts

jayne-law.com
mjayne@jayne-law.com

**Proposed Case Management Plan and Scheduling Order**

Counsel for the parties met and conferred on October 26, 2026, regarding the proposed case management and discovery schedule. Defendants intend to challenge the Court's authority to adjudicate this action through a motion to compel arbitration or, alternatively, to dismiss, which Plaintiff intends to oppose. Although the parties disagree concerning whether discovery should be stayed pending resolution of the anticipated motion, they agree that establishing a comprehensive discovery schedule at this juncture would be premature, particularly because a briefing schedule has not yet been established. The Court's proposed Case Management Plan also does not readily accommodate the parties' differing positions concerning limited discovery on arbitrability and a potential stay of merits discovery.

Accordingly, the parties jointly request leave to defer submission of the proposed Case Management Plan and Scheduling Order until after the October 29, 2026 initial pretrial conference, at which counsel can address these issues with the Court and establish an appropriate schedule.

Respectfully submitted,

*/s/ Justin Joseph D'Elia*
Justin Joseph D'Elia, Esq.
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017-4669
Tel: 212-692-1069
Email: JJDElia@duanemorris.com

*Counsel for Defendants*

*/s/ Marcella Maxine Jayne*
Marcella Maxine Jayne
MARCELLA MAXINE JAYNE, ESQ. PLLC
43 West 43rd St. Suite 381
New York, NY 10036
Tel: 212-470-0525
Email: mjayne@jayne-law.com

*Counsel for Plaintiff Nicolas Pernas*

The Initial Pretrial Conference scheduled for October 29, 2026, is hereby ADJOURNED *sine die*. Discovery shall be stayed pending resolution of Defendants' anticipated motion to compel arbitration. The parties shall confer and propose a briefing schedule on that motion by no later than **November 2, 2026**.

SO ORDERED. Dated October 26, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE





Licensed in:
New York • New Jersey • Massachusetts

jayne-law.com
mjayne@jayne-law.com